Filed 2/9/2016 8:47:23 AM
Lori Oliver
District Clerk
Shelby County, Texas
Nicol Shedd

47/618

NO. 16CV33409

| | | |
|---|---|---|
| ROBBIE LINTON, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SHELBY COUNTY, TEXAS |
| | § | |
| HARTFORD LLOYDS INS. CO., | § | |
| | § | |
| Defendant. | § | ___ JUDICIAL DISTRICT |

## *PLAINTIFF'S ORIGINAL PETITION*

*TO THE HONORABLE JUDGE OF SAID COURT:*

***COMES NOW, ROBBIE LINTON*** and file this, his Original Petition, and in support thereof would respectfully show unto the Court the following:

### I.

### *DISCOVERY PLAN*

Pursuant to Rule 190.1, TEX. R. CIV. P., Plaintiff requests that discovery in this case be conducted under Discovery Control Level Two.

### II.

### *REQUEST FOR DISCLOSURE*

Plaintiff hereby requests that Defendant produce the information and materials outlined in Rule 194.2, TEX. R. CIV. P., within fifty (50) days of service of this Original Petition.

EXHIBIT C

### *III.*

### *PARTIES*

***ROBBIE LINTON*** is an individual residing at 240 Redbird Lane in Center, Shelby County, Texas. The last three digits of his Social Security Number are 356, and the last three digits of his Texas Driver's License are 840.

***HARTFORD LLOYDS INSURANCE COMPANY*** is a domestic Lloyds company with its principal place business located in Houston, Texas. It may be served through its agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### *IV.*

### *FACTUAL BACKGROUND*

It was on or about July 6, 2015, when a sudden and accidental discharge of water from a burst pipe flooded the home of ***ROBBIE LINTON*** in Center, Shelby County, Texas. The water soaked the sub-floor, floor, carpets baseboards and sheetrock and ruined thousands of dollars of contents in the home. At the time of the incident, ***LINTON*** was insured against damage to his home by a Texas homeowners' insurance policy (the "Policy") issued by ***HARTFORD LLOYDS INSURANCE COMPANY.*** ***LINTON*** timely reported the claim to ***HARTFORD*** and requested the benefits to which he is entitled under the Policy. Despite presentation & demand, ***HARTFORD*** has refused to tender the amount justly owed to ***LINTON.*** Worse, ***HARTFORD*** has misrepresented material facts and given ***LINTON*** assurances which it has failed to keep.

## V.

## CAUSES OF ACTION

### A.

### BREACH OF CONTRACT

*LINTON* would show the Court that *HARTFORD* to comply with the unambiguous terms of the insuring agreement. This failure to comply by *HARTFORD* is not excused by nay prior, material breach by *LINTON*.

### B.

### COMMON LAW BAD FAITH

In addition, *HARTFORD* has breached its common law duty to deal with *LINTON* in good faith by denying his claim without a reasonable basis and after its liability became more than reasonably clear.

### C.

### INSURANCE CODE VIOLATIONS

Likewise, *LINTON* would show the Court that *HARTFORD* has violated the Texas Insurance Code. In particular, *HARTFORD* knowingly

1. Misrepresented facts relating to the claim;
2. Failed to adopt and implement reasonable standards for the prompt investigation of claims;
3. Failed to attempt in good faith to effect a prompt, fair and equitable settlement of the claim after which liability became reasonably clear;

4. Refused to pay the claim without conducting a reasonable investigation;

5. Failed to acknowledge the claim and commence its investigation timely;

6. Failed to accept or reject the claim in writing in a timely fashion and

7. Delayed payment for more than sixty (60) days following its receipt of all items, statements and forms reasonably requested and required to evaluate the claim.

TEX. INS. CODE §§ 541.060(a); 542.003(b); 542.058 (West 2016).

### D.

### *DECEPTIVE TRADE PRACTICES ACT*

Likewise, *LINTON* would show the Court that *HARTFORD's* violations of the Texas Insurance Code outlined are actionable under the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE §§ 17.50(a)(1)-(3) (West 2016).

### *VI.*

### *DAMAGES*

Under the terms of the Policy, *LINTON* his entitled to recover the full replacement cost of the the repairs necessitated by the sudden and accidental discharge of water into his home together with the value of the contents damaged or destroyed by the water. Given the conduct of *HARTFORD* described herein, *LINTON* seeks treble his economic damages for *HARTFORD'S* knowing violation of the Texas Insurance Code and the Texas Deceptive Trade Practices Act together with all applicable statutory penalties. Finally, *LINTON* seeks reimbursement of all costs of court and attorney's fees

incurred in pursuit of this case. Pursuant to Rule 47, TEX. R. CIV. P., *LINTON* pleads that he sues for monetary relief of more than $100,000.00 but less than $200,000.00 including damages, penalties, costs, expenses, pre-judgment interest and attorney's fees.

*WHEREFORE, PREMISES CONSIDERED, ROBBIE LINTON* respectfully prays that *HARTFORD LLOYDS INSURANCE COMPANY* be cited to answer and appear, and that, upon final adjudication of this case, it be ordered to pay all damages for which he prays, along with reasonable attorneys' fees, statutory penalties, costs of court and such other legal or equitable remedies to which he may be justly entitled, including pre-judgment and post-judgment interest.

Respectfully submitted,

*THE LAW OFFICE OF JAMES HOLMES, P.C.*

By: /s/ *James Holmes*

James A. Holmes
State Bar No. 00784290

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@jamesHolmesLaw.com

*ATTORNEY FOR PLAINTIFF*



5